**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | |
|---|---|
| **CONGRESS STREET PROPERTIES, LLC; NORTHGATE PROPERTIES, LLC; 930 BLUES CLUB, LLC; and ISAAC K. BYRD, JR., Individually** | **PLAINTIFFS** |
| **VERSUS** | **CIVIL ACTION NO. 3:10-CV-00130-HTW-LRA** |
| **SOUTHTRUST BANK; WACHOVIA BANK NATIONAL ASSOCIATION, now known as "WACHOVIA, A WELLS FARGO COMPANY;" MICAH MORTGAGE SERVICES, INC.; YOUNG WILLIAMS, P.A. f/k/a YOUNG, HENDERSON, WILLIAMS & FUSELIER, P.A.; PAUL HENDERSON; FIRST AMERICAN TITLE INSURANCE; SPCP GROUP, LLC; BMR FUNDING, LLC; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; GRANDBRIDGE REAL ESTATE CAPITAL, LLC; WELLS MARBLE & HURST, P.A.; R. DAVID MARCHETTI; BALCH & BINGHAM, LLP; JEREMY RETHERFORD; and JOHN DOES 1-99** | **DEFENDANTS** |

## CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

The Plaintiffs' representations in their Motion to Remand, denying that they have made a collateral attack on a federal judgment, bear little resemblance to the allegations of their Complaint. The Plaintiffs' Complaint contains direct, unambiguous, and unequivocal allegations that a federal judgment is "a fraud upon the Court," "void," based on a "fraudulent lawsuit," and that its obligations are "discharged." The Fifth Circuit has repeatedly held that an attempt to nullify or circumvent a federal judgment creates a federal question removable to federal court. The Plaintiffs' Motion to Remand should be denied.

## BACKGROUND

The Plaintiffs' lender[1] filed suit against the Plaintiffs on November 18, 2005, to collect monies owed under two promissory notes and a Forbearance Agreement.  *See* Federal Complaint, attached as Exhibit A (with Forbearance Agreement and Notes Attached).  The Defendants in that suit were the Plaintiffs herein.  They failed to answer or otherwise defend and a default judgment was entered against them in the amount of $1,824,517.94.  *See* Federal Judgment, attached as Exhibit B.  The Defendants removed this action because the Plaintiffs alleged in their state court action that the Federal Judgment was procured by fraud, was void, and that the debt was discharged.

The Plaintiffs' Motion to Remand repeatedly represents that their Complaint contains no attack on a federal judgment.  For example, the Plaintiffs contend:

- "Plaintiffs are not seeking to undo the federal judgment in the state court action because the federal judgment did not adjudicate the issue of title of certain properties owned by the Plaintiffs – which is the issue involved in the state court." Memorandum, Doc. 21, p. 9.

- "Here plaintiff is not attacking the federal judgment nor trying to set it aside in the state court action, but merely plead it to show the damages they have suffered because of an antecedent fraud perpetrated upon them." *Id*. at p. 10.

These representations, however, bear little resemblance to the actual allegations of the Plaintiffs' State Court Complaint.

---

[1] The Plaintiffs borrowed money from SouthTrust Bank which was later acquired by Wachovia.  SPCP Group LLC and BMR Funding are successors to Wachovia and the Federal Judgment was ultimately entered in favor of SPCP Group LLC.  *See* Exhibit B.

The Plaintiffs' Complaint contains direct and express allegations that the Federal Judgment was procured by fraud, that the Federal Judgment is void, and that the Plaintiffs do not owe the underlying obligations sued upon in the federal lawsuit. Specifically, Plaintiffs alleged:

- "Ultimately, on May 16, 2006, Defendant SPCP obtained a Judgment against the Plaintiffs for the amounts it claimed were owed under the 939 N. President loan and the Northgate loan. *This judgment constitutes a fraud on the Court*, because no sums were owed, by operation of law, on the 939 N. President loan, and the "contract" (i.e. Forbearance Agreement) SPCP sued Plaintiffs upon, was fraudulently induced." Complaint, ¶53 (emphasis added).

- "As a result, *all actions and instruments* procured by the Defendants after September 2004 are the fruit of this fraud, and *are also void*." *Id*. at ¶231 (emphasis added). The federal action was filed on November 18, 2005 and the judgment was entered on May 16, 2006. *See* Exhibits A and B. Thus, the Plaintiffs contend that the Federal Judgment is void.

- "The Defendants Wachovia, SPCP and BMR knew or should have known that the lawsuit they filed was based upon the previously fraudulent Forbearance Agreement of March 2005. They used this *fraudulent lawsuit* to force Plaintiffs to sign the February 2006 Forbearance Agreement. Because it was fraudulent [sic] induced, this agreement is also null and void." Complaint, ¶234 (emphasis added).

Furthermore, the Plaintiffs repeatedly allege that they are discharged from and no longer owe the money evidenced by the Forbearance Agreement and promissory notes that were sued

upon in the federal lawsuit.  For example, in Paragraph 21 of their Complaint the Plaintiffs allege:

- "the underlying obligation it sought to secure is discharged,"

- "its underlying obligation was discharged,"

- "Wachovia and others did so use the fraudulently induced Forbearance Agreement in November 2005 when Wachovia sued Plaintiffs alleging breaches of the Forbearance Agreement."

Plaintiffs suggest that their prayer for relief contains no attack on the federal judgment. However, based on the alleged discharge of the debt evidenced by the federal judgment, Plaintiffs seek compensatory damages.  In Paragraph 134, the Plaintiffs allege they "owed nothing under the 939 N. President Street loan and are entitled to a refund of any sums paid under it."  In their prayer for relief, Plaintiffs request $1 **billion** in compensatory damages and $5 **billion** in punitive damages.

Finally, Plaintiffs contend that their usury claims to not provide a separate basis for federal question jurisdiction because the only entity they sued for usury was Grandbridge Real Estate Capital LLC, which is not a national bank.  Again, the Plaintiffs' representations regarding their Complaint are not accurate.  The Plaintiffs usury claims in paragraphs 195-198 of their complaint contain allegations of usury against all "Defendants" collectively.

## <u>ARGUMENT</u>

1.    **An action in state court to nullify or circumvent a prior federal judgment based on fraud presents a federal question and is removable to federal court.**

The Court has original jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331 since the Plaintiffs' claims give rise to a federal question and are subject to removal:

The proper avenue of redress for a party seeking relief from a judgment claiming fraud as grounds for relief is under Fed.R.Civ.P. 60(b)(3).  'If the independent

action is brought in a state court, it may be removed to the appropriate federal court on the basis of a general federal question.'

*Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). *See also Deauville Associates, Inc. v. Lojoy Corporation*, 181 F.2d 5, 6 (5th Cir. 1950) (finding that a collateral attack on a federal judgment was "founded upon, and raised, a federal question authorizing its removal to the federal court."); *Sports at Work Enterprises v. Silber*, 2006 WL 721432, *3 (N.D.Tex March 21, 2006) ("The Fifth Circuit has repeatedly held that an action brought in state court to nullify or circumvent a prior federal order or judgment is removable to federal court on the ground that it is founded on a claim or right arising under the laws of the United States."); *Lowery v. Foremost Ins. Co.*, 1992 WL 366912, *3 (S.D.Miss. Dec. 3, 1992) (holding same).

2.    **The Plaintiffs' Complaint expressly alleges that a federal judgment constitutes a fraud upon the Court, was fraudulently induced, and that the Plaintiffs obligations under the judgment are discharged.**

Plaintiffs invoke the "well-pleaded complaint rule" and note that a defense that raises a federal question is not sufficient to sustain a removal. Motion, p. 6. In this case, however, the federal question appears not from any defense raised by the Defendants, but rather *directly from the well-pleaded allegations of the Plaintiffs' Complaint.* Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Bellfort Enterprises, Inc. v. Petrotex Fuels, Inc.*, 339 Fed.Appx. 416, 418 (5th Cir. 2009). As set forth above, the Plaintiffs' attempt to nullify or circumvent this Court's judgment appears directly on the face of its Complaint. Plaintiffs allege that the "judgment constitutes a fraud on the Court," is "void," and resulted from a "fraudulent lawsuit."

In their Memorandum, Plaintiffs strangely argue they "are not seeking to undo the federal judgment," and that they are not "trying to set it aside in the state court action." But the

Plaintiffs expressly allege that they do not owe the federal judgment or any of the underlying instruments upon which the federal lawsuit was brought.  It is difficult to imagine a more express or unequivocal request to "undo" or "set aside" the federal judgment.  Further, the cornerstone of the Plaintiffs' claim for fraud is their contention that, although they received the benefits of the loans, the Defendants' alleged fraud discharged all their underlying debts.  These same underlying debts and loans were exactly the obligations sued upon in the federal lawsuit, which the Plaintiffs did not defend, and which resulted in a default judgment against them.

3.    **The Plaintiffs brought their usury claims against all Defendants collectively and cannot abandon preempted claims to obtain remand.**

Plaintiffs brought "usury" claims against all Defendants collectively, and because at least one of the Defendants is a national bank, that claim is completely preempted.  *See Beneficial National Bank v. Anderso*n, 123 S.Ct. 2058 (2003).  Having alleged such liability against all "Defendants" collectively, the Plaintiffs now apparently seek to disclaim any such claim against any Defendant other than Grandbridge Real Estate Capital LLC.  However, federal question jurisdiction is determined at the time of removal and exists on the face of the Plaintiffs' well-pleaded complaint.  *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir.1990).  The Court should not allow the Plaintiffs to abandon these claims in order to manipulate the forum.[2]  The Fifth Circuit held:

> [C]ourts should consider whether the plaintiff has attempted to manipulate the forum in which his case will be heard simply by deleting all federal law claims from the complaint and requesting that the district court remand the case, and should guard against such manipulation by denying motions to remand where appropriate.

---

[2] Because the Court already has federal question jurisdiction over the Plaintiffs' collateral attack on the Federal Judgment, subject matter jurisdiction over these claims would exist through the Court's supplemental jurisdiction even if the Plaintiffs were allowed to abandon their usury claims against all Defendants except Grandbridge Real Estate Capital LLC.

*Unida v. Levi Strauss & Co.*, 986 F.2d 970, 975 (5th Cir. 1993) (quoting *Brown*, 901 F.2d at 1255).  In fact, a Federal Court has authority to retain jurisdiction over state law claims even after a plaintiff amends his complaint to drop any federal claims.  "[A] district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."  *Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).  *See also Brown*, 901 F.2d at 1254 ("when there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished").

<u>**CONCLUSION**</u>

The  Court,  it  is  respectfully  submitted,  should  disregard  the  Plaintiffs'  arguments regarding remand because they do not accurately reflect the allegations of their Complaint.  The Plaintiffs cannot escape from the fact that the "well-pleaded allegations" on the face of their complaint allege that a federal judgment represents a "fraud upon the court," is "void," was based on a "fraudulent lawsuit," and that its obligations are "discharged."  The Fifth Circuit has repeatedly held that such a claim raises a federal question and is removable to federal court. Plaintiffs' Motion to Remand should be denied.

Respectfully submitted, this 17th day of March, 2010.

SPCP GROUP, LLC; BMR FUNDING, LLC; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; GRANDBRIDGE REAL ESTATE CAPITAL, LLC; BALCH & BINGHAM, LLP; AND JEREMY RETHERFORD

BY:    BALCH & BINGHAM LLP

BY:    s/Donald Alan Windham Jr.
       William L. Smith (7635)
       Donald Alan Windham, Jr. (100909)
       Tara P. Ellis (101034)

BALCH & BINGHAM LLP
401 East Capitol Street
Suite 200
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

FIRST AMERICAN TITLE INSURANCE

BY:    s/Susan McNamara
       WELLS, MOORE, SIMMONS &
       HUBBARD PLLC
       4450 Old Canton Rd, Suite 200
       PO Box 1970
       Jackson, MS 39215
       Telephone: (601) 354-5400
       Facsimile: (601) 355-5850

YOUNGWILLIAMS P.A. f/k/a YOUNG,
HENDERSON, WILLIAMS & FUSELIER, P.A.
AND PAUL HENDERSON

BY:    s/ Alan W. Perry
       FORMAN PERRY WATKINS KRUTZ &
       TARDY
       Post Office Box 22608
       Jackson, Mississippi 39225-2608
       Telephone: (601) 969-7833
       Facsimile: (601) 960-8613

SOUTHTRUST BANK; WACHOVIA BANK
NATIONAL ASSOCIATION, now known as
"WACHOVIA, A WELLS FARGO COMPANY

BY:    s/Dorsey R. Carson Jr.
       BURR & FORMAN LLP
       The Heritage Building
       401 E Capitol Street,
       Suite 100
       Jackson, MS 39201
       Telephone: (601) 709-3443
       Facsimile: (866) 443-1595

122736.1                               8

## CERTIFICATE OF SERVICE

I, the undersigned counsel, as attorney for SPCP Group, LLC, BMR Funding, LLC, BB&T Corporation, Branch Banking and Trust Company, Grandbridge Real Estate Capital, LLC, Balch & Bingham LLP, and Jeremy Retherford hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Suzanne G. Keys
Byrd, Gibbs & Martin, PLLC
Post Office Box 19
Jackson, Mississippi 39205-0019
skeys@byrdassoc.com

William F. Ray, Esq.
Watkins & Eager, PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205-0650
wray@watkinseager.com

Alan W. Perry, Esq.
Forman Perry Watkins Krutz &
Tardy

Post Office Box 22608
Jackson, Mississippi 39225-2608
aperry@fpwk.com

Susan D. McNamara, Esq.
Wells Moore Simmons & Hubbard
Post Office Box 1970
Jackson, Mississippi 39215-1970
sdurham@wellsmoore.com

Dorsey R. Carson, Jr., Esq.
Bradley B. Vance, Esq.
Burr & Forman, LLP
401 East Capitol Street, Suite 100
Jackson, MS  39201
dcarson@burr.com
bvance@burr.com

This the 19th day of March, 2010.

s/Donald Alan Windham Jr.
Donald Alan Windham Jr.