IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **CONGRESS STREET PROPERTIES, LLC; NORTHGATE PROPERTIES, LLC; 930 BLUES CLUB, LLC; and ISAAC K. BYRD, JR., Individually** | **PLAINTIFFS** |
| **VERSUS** | **CIVIL ACTION NO. 3:10-CV-00130-HTW-LRA** |
| **SOUTHTRUST BANK; WACHOVIA BANK NATIONAL ASSOCIATION, now known as "WACHOVIA, A WELLS FARGO COMPANY;" MICAH MORTGAGE SERVICES, INC.; YOUNG WILLIAMS, P.A. f/k/a YOUNG, HENDERSON, WILLIAMS & FUSELIER, P.A.; PAUL HENDERSON; FIRST AMERICAN TITLE INSURANCE; SPCP GROUP, LLC; BMR FUNDING, LLC; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; GRANDBRIDGE REAL ESTATE CAPITAL, LLC; WELLS MARBLE & HURST, P.A.; R. DAVID MARCHETTI; BALCH & BINGHAM, LLP; JEREMY RETHERFORD; and JOHN DOES 1-99** | **DEFENDANTS** |

**BMR FUNDING LLC'S MOTION TO CONSIDER PLAINTIFFS' MOTION TO REMAND ON AN EXPEDITED BASIS AND FOR ORAL ARGUMENT**

COMES NOW, BMR Funding, LLC and requests that the Court consider the Plaintiffs' Motion to Remand on an expedited basis and requests oral argument regarding remand. In support of its Motion, Defendants would show as follows:

1. On Tuesday, March 18, 2010, the Plaintiffs concurrently filed a Motion to Remand (Doc. 20) and Motion to Stay (Doc. 22) the proceedings until the Court determines its subject matter jurisdiction. On March 19, 2010, the Magistrate Judge granted Plaintiffs' Motion

122824.1

to Stay pursuant to the Court's local rules. The Defendants have now filed a Response to Plaintiffs' Motion to Remand. As set forth in that Motion, the Plaintiffs' Motion to Remand is frivolous in that it simply ignores the express allegations on the face of their Complaint, and the BMR submits that the Motion to Remand was filed with no other purpose than to delay the proceedings. For that reason, BMR requests that Plaintiffs' Motion to Remand be considered by the Court on an expedited basis.

2.      Defendant BMR Funding LLC purchased two properties owned by the Plaintiffs at a foreclosure sale held on June 9, 2009. The Plaintiffs have refused to relinquish possession of the properties, and BMR has diligently attempted to evict the Plaintiffs as demonstrated by the procedural history set out in the Plaintiffs' Motion to Remand. At every step of the proceedings, however, the Plaintiffs have attempted to avoid any type of ruling on the merits, instead repeatedly seeking to stay proceedings. In the meantime, Plaintiffs continue to deprive BMR of the rightful possession of its property, while operating a bar on the premises and potentially subjecting BMR to liability. BMR submits that oral argument on these issues will be helpful to the Court to provide background regarding the other proceedings in this litigation.

3.      The Plaintiffs filed this lawsuit in the Hinds County Chancery Court on January 29, 2010, and it was removed on February 26, 2010. In their State Court Complaint, the Plaintiffs directly alleged that a Federal Judgment entered by this Court was procured by fraud and was unenforceable against them. As set forth in the Defendants' concurrently filed Response, such allegations present a federal question that may be removed to Federal Court. The Plaintiffs' Motion to Remand, very inaccurately, denies that such allegations were made. As set forth in the Defendants' Response, however, those allegations of the Plaintiffs' Complaint speak for themselves.

4.      BMR has filed a counterclaim to eject the Plaintiffs which it submits can be resolved by the Court summarily very early in this litigation, and which would also go very far in resolving all issues in the case.  BMR submits that the Plaintiffs' Motion to Remand is merely another attempt to impose delay and prevent any Court from considering the merits of a request for eviction or ejectment.

5.      Based on the foregoing, BMR requests that the Court consider the Plaintiffs' Motion to Remand on an expedited basis so that the stay can be lifted.  BMR submits that a quick resolution of jurisdictional issues would further the policy of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination" of this case.

WHEREFORE, PREMISES CONSIDERED, BMR Funding LLC respectfully requests that the Plaintiffs' Motion to Remand be considered by the Court on an expedited basis and requests oral argument regarding same.

Respectfully submitted, this 19th day of March, 2010.

>                             BMR FUNDING LLC
>
>                             BY:   BALCH & BINGHAM LLP
>
>                             BY:   s/Donald Alan Windham Jr.
>                                   Of Counsel

William L. Smith (7635)
Donald Alan Windham, Jr. (100909)
Tara P. Ellis (101034)
BALCH & BINGHAM LLP
401 East Capitol Street
Suite 200
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

## CERTIFICATE OF SERVICE

I, the undersigned counsel, as attorney for BMR Funding, LLC hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Suzanne G. Keys
Byrd, Gibbs & Martin, PLLC
Post Office Box 19
Jackson, Mississippi 39205-0019
skeys@byrdassoc.com

William F. Ray, Esq.
Watkins & Eager, PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205-0650
wray@watkinseager.com

Susan D. McNamara, Esq.
Wells Moore Simmons & Hubbard
Post Office Box 1970
Jackson, Mississippi 39215-1970
sdurham@wellsmoore.com

Alan W. Perry, Esq.
Forman Perry Watkins Krutz & Tardy
Post Office Box 22608
Jackson, Mississippi 39225-2608
aperry@fpwk.com

Dorsey R. Carson, Jr., Esq.
Bradley B. Vance, Esq.
Burr & Forman, LLP
401 East Capitol Street, Suite 100
Jackson, MS  39201
dcarson@burr.com
bvance@burr.com

This the 19th day of March, 2010.

    s/Donald Alan Windham Jr.
    Donald Alan Windham Jr.